Motion to Dismiss.
The opinion of the Court ivas delivered by
Poci-ié, J..
This case is identical with that of Pease against the same defendant, just decided, with the difference that the aggregate amount in capital of plaintiff’s judgments in this case does not exceed one thousand dollars. But the amount of taxes to be levied under the judgment appealed from must be sufficient to satisfy said judgments in principal, interests and costs. Now, the interests allowed by said judgments, added to the aggregate capital thereof, makeup an amount which far exceeds one thousand dollars, and that amount being the matter in dispute in this controversy, vests this Court with jurisdiction.
For the reasons given in the case above referred to, we must maintain this appeal.
The motion to dismiss is therefore denied, at appellee’s cost.
On the Merits.
The opinion of the Court was delivered by
Levy, J.
The plaintiff, Josiah Fisk, had obtained certain judgments against the. Police Jury of the Parish of Jefferson, left bank, for the following sums, viz: In suit No. 1292, $358.23, with legal interest from the 1st of March, 1875, and in suit No. 1291, $482.10, with interest at eight per cent: per annum, from April 30th, 1875, date of judgment, and for costs of both suits. In these judgments it was ordered as follows: in suit No. 1292, “that the proper officer to assess taxes, .do assess a parish tax at a sufficient rate per cent, on the assessment rolls of the *96 current year (1875) to pay and satisfy this judgment, interest and costs.” In 1291, “ it is further agreed, that the Police Jury, Parish of Jefferson, left "bank, whose duty it is to assess taxes, do assess forthwith, a Parish tax at a sufficient rate per cent, on the assessment roll of the current year (1875) to pay and satisfy this judgment, interest and costs.”
In March, 1881, the plaintiff took a rule against the sheriff, ex-officio tax collector, and the Police Jury of the Parish of Jefferson, left bank,1 to show cause “ why a mandate should not issue, ordering said sheriff to collect a tax sufficient to pay said judgments, in accordance with the terms thereof.”
Subsequently, the rule was extended to embrace the assessor, who was required, also, to show cause why he should not assess a tax at a sufficient rate per cent, to pay said judgments.
There was judgment, signed on the 22d of April, 1881, making the rule- absolute, and ordering and decreeing that the State Assessor, assess a parish tax at a sufficient rate per cent, upon the assessment roll of the current year (1881), of all assessed property within said parish, to pay the judgments and costs; and further, that the sheriff, ex-officio tax collector, be ordered to collect the same immediately and to pay the proceeds thereof to relator as soon as collected. From this judgment the defendants in rule have appealed.
One view of this case, which we take, dispenses us from the necessity of considering the other points raised and discussed by counsel in their oral arguments and briefs. The judgment orders the assessor to assess a parish tax to an amount sufficient to satisfy plaintiff’s judgments. No such authority as that imposed upon the assessor, i. e., the levying of a tax, is authorized by the law. Taxes for parochial purposes, or to settle parochial indebtedness, can only be levied under the conditions established by legislative will by the Police Jury. This levy must first be made by the proper authorities, without which, the assessor and the sheriff are powerless to extend on the roll the amount of the tax or to collect the same.
As we have before said, in order to entitle a party to enforce the law (since repealed) which was in existence at the time the debt was contracted and the judgment rendered, it must be shown that the repeal of the law was inoperative, because impairing the obligation of a contract, and that the judgment was based on a contract. No such evidence is afforded by the record herein.
The judgment appealed from is therefore annulled^ avoided and reversed, and plaintiff’s demand is rejected, at the costs o’f the appellee, in both Courts.